J-S39035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :  PENNSYLVANIA
                                         :

                v.  :

                                         :

MICHAEL  JONES  :
                                         :

                Appellant  :  No. 33 EDA 2019

Appeal from the PCRA Order Entered November 30, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007421-2009

BEFORE:  GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:  **FILED AUGUST 21, 2019**

Appellant, Michael Jones, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), as untimely, without a hearing.  We affirm.

The PCRA court sets forth the pertinent history of the case, as follows:

> On April 7, 2010, following a jury trial before [the trial court], defendant Michael Jones [hereinafter "Appellant"] was convicted of first-degree burglary (18 Pa.C.S. § 3502).  On June 23, 2010, the court imposed a sentence of seven to fourteen years' incarceration in state prison.  The court denied Appellant's post-sentence motions on July 23, 2010.

> On July 26, 2010, Appellant filed a timely notice of appeal.  On December 13, 2010, Appellant's appeal was dismissed for failure to file a brief.

> Appellant thereafter filed a pro se petition under the [PCRA] on January 3, 2011, requesting reinstatement of his appellate rights. Appellant subsequently retained counsel, who filed an amended

_____

* Former Justice specially assigned to the Superior Court.

PCRA petition on February 23, 2011. On June 17, 2011, Appellant's PCRA petition was granted, and his appellate rights were reinstated *nunc pro tunc*. On April 27 2012, the Superior Court affirmed Appellant's judgment of sentence.

Appellant subsequently filed [what is construed as his first] PCRA petition on May 10, 2012, as well as two amended pro se petitions. On May 13, 2013, [the court appointed counsel] to represent Appellant. On December 12, 2013, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988), [counsel] filed a letter stating there was no merit to Appellant's claims for collateral relief. [Counsel] subsequently filed supplemental ***Finley*** letters on February 20, 2014, and March 13, 2014.

On March 14, 2014, the court issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss Appellant's claims without an evidentiary hearing. Appellant filed a response to the court's 907 Notice on March 24, 2014 ("907 Response") and another response on April 28, 2014. Counsel filed a final supplemental ***Finley*** letter on May 28, 2014. The PCRA court dismissed Appellant's [first] petition on May 29, 2014. The Superior Court affirmed the dismissal on April 21, 2015, and on October 26, 2015, the [Pennsylvania] Supreme Court denied *allocatur*.

On September 24, 2018, Appellant filed [the present PCRA petition, his second], in which he claimed that he was serving an illegal sentence. On October 4, 2018, the PCRA court found Appellant's second petition untimely and issued a 907 Notice. Appellant submitted two 907 Responses on October 19, 2018, and November 20, 2018. Appellant did not claim an exception to the timeliness requirement in either response.

On November 30, 2018, the PCRA court entered an order dismissing Appellant's [second] petition as untimely. Appellant has now appealed the PCRA court's dismissal of his [second] petition.

PCRA Court Opinion, 2/27/19, at 1-2.

Appellant raises one question for our consideration:

Did trial counsel error [sic] sentencing Appellant to 7-14 years for burglary with nobody present after the Judge told the Appellant he was being sentenced using the sentencing matrix guideline score of burglary. The Appellant['s] sentence should reflect a gravity score of (7) seven which is 3 ½ to 7 years not 7 to 14 years.

Appellant's brief, at 2.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz,** 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester,** 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted).

As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether he has timely filed this PCRA petition. **See Commonwealth v. Stokes,** 959 A.2d 306, 310 (Pa. 2008) (consideration of a claim separate from consideration of the claim's timeliness). A petitioner must meet the timeliness requirements of the PCRA, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Fahy,** 737 A.2d 214, 223 (Pa. 1999) ("Although legality

- 3 -

of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

As noted above, Appellant filed the instant petition on September 24, 2018, over six years after his judgment of sentence became final. As such, the instant petition is facially untimely and, thus, subject to the statutory time-bar of Section 9545(b)(1).

Appellant can overcome the time-bar, however, if the present petition alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon,* 51 A.3d 231, 233-234 (Pa.Super. 2012)(citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A petition invoking an exception to the time-bar must be filed within one year of the date that the claim could have been presented.[1] *See* 42 Pa.C.S.A. § 9545(b)(2). If the petition fails to invoke a valid exception to the PCRA time-

---

[1] Effective December 24, 2018, the time in which to file a petition invoking one of the three exceptions was extended from sixty days to one year. *See* 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, arising December 24, 2017, or later. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed the present PCRA petition on September 24, 2018, this amendment applies.

bar, courts are without jurisdiction to review the petition or provide relief. **See**

***Spotz***, 171 A.3d at 676.

Because Appellant failed to plead or prove that he meets any of the exceptions to the PCRA time-bar, the PCRA court properly concluded that his petition was untimely and it had no jurisdiction to engage in merits review. Therefore, we affirm the PCRA court's order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *8/21/2019*